## EYLER *v.* THE STATE.

No. 8666.

CRIMINAL LAW.—*Rape.*—*Evidence, Insufficiency of.*—Where, in a prosecution for rape, the evidence shows that the prosecutrix, at the time of the perpetration of the act, had not cried out, that she had not complained within a reasonable time thereafter, that she had first instituted a prosecution for seduction under promise of marriage, wherein she had not claimed that force had been used, and that ·she had subsequently and repeatedly had sexual intercourse with the defendant, a verdict of guilty can not be upheld.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*D. P. Baldwin*, Attorney General, *C. M. Butler*, Prosecuting Attorney, and *J. M. Brown*, for the State.

NIBLACK, C. J.—The appellant, Reuben H. Eyler, was indicted, tried and convicted in the court below, for an alleged rape on the person of one Adaline Schooly.

The appellant admitted having had sexual intercourse with the prosecuting witness at the time and place complained of by her, and the only material matter in controversy at the trial was, as to whether such sexual intercourse was accomplished by force, and against the will of the said Adaline, the prosecuting witness.

It was made to appear, that, at the time the alleged offence was committed, the said Adaline was something over fourteen years old, and resided on a farm with her father and

mother and an older sister; that the appellant was then living with the family as a hired man on the farm, and had so lived for more than a year immediately preceding that time; that he quit working for the family, and went away, about the 1st of September, 1879; that, in the latter part of January, 1880, the said Adaline was delivered of an illegitimate child.

The said Adaline testified, that, on the morning of May 4th, 1879, her mother and sister went to church, leaving her and her father and the appellant at home; that, after her mother and sister left, she went up-stairs to attend to some work; that the appellant followed her up stairs, took hold of her, threw her down on the bed, near where she was, and had carnal connection with her, without her consent and against her will; that her father was not about the house at the time; that she did not tell either her father or mother what had occurred; that the appellant told her not to tell, and threatened her if she did; that she thought it was all right; that she did not call when he took hold of her; that she did not tell any one until in September following, when she told her father what appellant had done, explaining to him that the appellant had told her that he would marry her if any thing happened.

It was further made to appear, that, some time in the fall of 1879, perhaps in October of that year, the said Adaline caused the appellant to be arrested upon a charge of seduction under a promise of marriage, basing the charge upon the same sexual intercourse for which the appellant was afterward indicted in this case, and appeared and testified against him before the examining justice; that, in her testimony on that occasion, she did not claim that the appellant had used any force to bring about the sexual connection complained of, but stated that the appellant had before solicited her to have connection with

Eyler v. The State.

him, and that the subject had several times before been talked over between them; that the appellant had had connection with her on three subsequent occasions, the last of which was in the field where he was plowing for wheat, in August of the same year, when she told him she thought there was something wrong with her; that, at the time of the first connection, on the 4th of May, the appellant told her not to halloo, and she was afraid of alarming her father if she did halloo; that she did not tell her father voluntarily what the appellant had done; that her father asked her to tell him if there was any thing the matter with her.

This, we think, is a fair synopsis of all the evidence which was most unfavorable to the appellant.

A motion for a new trial, challenging the sufficiency of the evidence to sustain the verdict, was overruled.

We know of no safe ground on which the verdict in this case can be sustained. To sustain it, all the usual tests applied to the evidence in prosecutions for rape would have to be disregarded.

The failure of the prosecutrix to cry out, or to complain within a reasonable time, her failure to claim that the appellant had used force against her when she did first complain, and her subsequent sexual relations with the appellant, all raised presumptions against her credibility, which, in our opinion, were not overcome by the evidence in other respects. Whart. Crim. Ev., sec. 273; 3 Greenl. Ev., sec. 212; Roscoe Crim. Ev. 877; 1 Russell Crimes, 921.

However reprehensible the conduct of the appellant may have been, in a moral point of view, it is quite evident to our minds that a case of rape was not fairly made out against him.

The judgment is reversed, and the cause is remanded for a new trial. The clerk will give the proper notice for the return of the prisoner.